**Delores FRANCIS, Plaintiff–Appellant,**

v.

**LOCKHEED MARTIN ENERGY SYSTEMS, INC., Defendant–Appellee.**

**No. 02–5440.**

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

### ORDER

This is an appeal from a district court's decision to grant summary judgment for the defendants in this employment discrimination case filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Delores Francis filed a Title VII complaint against her former employer, Lockheed Martin Energy Systems, Inc. ("Lockheed"), in which she claimed that she had been the victim of race and sex-based discrimination as well as the victim of retaliation. The district court eventually granted summary judgment for Lockheed on all claims and this appeal followed.

This court reviews a grant of summary judgment de novo. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir.2002). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment need not support its motion with evidence disproving the non-moving party's claim. Instead, that party needs only to point out the absence of evidence in support of the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The key inquiry is whether the party bearing the burden of proof has presented a jury question as to each element of its case. *Id.* at 322.

Francis was hired as a machinist in 1981 by Union Carbide, Lockheed's predecessor in interest. She worked in that capacity without incident until she filed an employment discrimination complaint with the Tennessee Human Rights Commission in 1994. The basis of that complaint was Francis's charge that she was passed over for a supervisory position based on improper factors. The parties settled the case with Francis's promotion to the position of Level 02 labor supervisor.

Francis was working for Lockheed as a Level 02 labor supervisor in the latter part of 1996 and early 1997 when Lockheed instituted a reduction in force. James Dalton, manager of the Lockheed maintenance division in which Francis worked, was charged with implementing a reduction of force while minimizing the division's ability to fulfill its mission. Dalton determined that Francis's position had to be eliminated after he compared her qualifications with those of other Level 02 su-

pervisors. That comparison showed that, although the job ratings of all those reviewed were similar, Francis had the least education as well as the least amount of time with Lockheed. Francis was formally terminated effective January 31, 1997.

Lockheed instituted a plan to interview and hire machinists shortly after the reduction in force in 1997. Lockheed manager Richard Love identified the need for machinists and he was intimately involved in the hiring process. The process was a combination of identifying the specific qualifications needed by the prospective machinists and then filling those needs. Love was a part of a five-person interview team responsible for filling the new machinist positions. The team's process was for each member to rank the interviewees, an attempt to quantify the applicant's abilities with reference to Lockheed's needs, and to then engage in an informal discussion. Francis applied for one of the new machinist positions and she was granted an interview with the five-person interview team. All five persons on the interview team ultimately concluded that, although Francis possessed the minimal qualifications for the new machinist position, she was not as qualified for the new positions as the other applicants.

Francis filed the present Title VII complaint in district court with the aid of counsel. Francis contended that the decision to eliminate her position in the reduction in force was the product of race discrimination (Caucasian), sex discrimination and in retaliation for her having filed an EEOC complaint. Francis also alleged that these same considerations motivated Lockheed's decision not to hire her for one of the machinist positions for which she interviewed. The district court eventually granted summary judgment for Lockheed on all counts. The court found on the evidentiary material presented that Fran-

cis failed to present a question for a jury on any of the claims for relief.

Upon review, this court will affirm the decision on appeal for the reasons stated in the district court's judgment filed January 29, 2002.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.